UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRYAN TILLER, ) | |
| ) | |
| Plaintiff, ) | Case: 1:24-cv-05472 |
| ) | |
| v. ) | |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| FINANCIAL AND PROFESSIONAL ) | |
| REGULATION, ) | Jury Trial Demanded |
| ) | |
| Defendant. | |

## COMPLAINT

Plaintiff, Bryan Tiller ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Illinois Department of Financial and Professional Regulation ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.    All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

5.    A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6.    Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.    At all times material to the allegations of this Complaint, Plaintiff, Bryan Tiller, resides in Cook County in the State of Illinois.

8.    At all times material to the allegations in this Complaint, Defendant, Illinois Department of Financial and Professional Regulation, is a state regulatory agency doing business in and for Cook County whose address is 555 W Adams St FL 5, Chicago, IL 60661.

9.    Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10.   During the applicable limitations period, Defendant has had at least fifteen employees.

11.   During the applicable limitations period, Defendant has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

12. Plaintiff was hired by Defendant as the supervisor of title insurance on or around May 5, 2018, until being unlawfully terminated on or around February 15, 2023.

13. Plaintiff's essential job duties included but were not limited to: supervising the department of title insurance, providing direct oversight to three employees, answering and resolving complaints, investigating non-payment of title insurance and/or violations therein, writing reports for review with higher management.

14. Plaintiff suffers from a disability that substantially affects Plaintiff's memory, time management, focus, concentration, and coordination.

15. Plaintiff is "qualified individual" as defined under the ADA.

16. In January 2022, Plaintiff notified the Director and several other management level employees via email that he suffers a disability and needs accommodations, but Defendant never engaged with Plaintiff to discuss accommodations, thus, no accommodations were provided.

17. In response, the Director said he hoped Plaintiff felt better.

18. On or about January 24, 2023, Plaintiff submitted a form to the Director titled "State of Illinois Reasonable Accommodation Request for Employees."

19. In the form, Plaintiff informed Defendant of his disability, the limitations he suffers as a result of his disability, and that he is seeking accommodations.

20. Plaintiff also noted in the form that he is under the care of a doctor, and who would be submitting further documentation so that Plaintiff and Defendant could meaningfully engage in the interactive process and determine if reasonable accommodations could be made.

21. However, Defendant never engaged in the interactive process, and instead,

terminated Plaintiff shortly after he submitted the form seeking accommodations.

22. Defendant's human resources department reviewed Plaintiff's request for accommodations and informed him that the request would need more specificity and a letter from his psychiatrist.

23. Plaintiff explained he was awaiting an accommodation letter from his physician and that he would provide it to Defendant upon receipt, per Defendant's policy.

24. While Plaintiff was awaiting the requested medical documentation, Defendant terminated him.

25. Defendant terminated Plaintiff just 2 weeks after he submitted the request for reasonable accommodations form.

26. Following his request for reasonable accommodations, none of Defendant's agents met with Plaintiff.

27. Ultimately, on or about February 1, 2024, Plaintiff was terminated on the basis of Plaintiff's disability and engaging in protected activity as described above.

28. The purported justification for termination was pretext to unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

29. Defendant effectively denied Plaintiff's request for reasonable accommodation.

30. Defendant failed to engage in the interactive process in order to determine whether reasonable accommodation could be made, as required by the ADA.

31. Defendant failed to accommodate Plaintiff's disability, despite Plaintiff's reasonable request for accommodations.

32. Plaintiff was capable and qualified in meeting the essential functions of their position as evinced by their ability to perform for over 3 years with positive work reviews.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

33. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

34. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

35. Plaintiff met or exceeded performance expectations.

36. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

37. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

38. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

39. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

40. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

41. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act

**(Failure to Accommodate)**

42. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

43. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

44. Plaintiff is a qualified individual with a disability.

45. Defendant was aware of the disability and the need for accommodations.

46. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

47. Plaintiff's reasonable accommodations that was requested was not an undue burden on the Defendant.

48. Defendant did not accommodate Plaintiff's disability.

49. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

50. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
**(Retaliation)**

52. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

53. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

54. During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodation.

55. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

56. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodation, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

57. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

58. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

59. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

  f.  Reasonable attorneys' fees and costs;

  g.  Award pre-judgment interest if applicable; and

  h.  Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 28th day of June 2024.

             */s/ Travis P. Lampert*
             **TRAVIS P. LAMPERT, ESQ.**
             Bar No.: 99843
             **SULAIMAN LAW GROUP LTD.**
             2500 S. Highland Avenue, Suite 200
             Lombard, Illinois 60148
             Phone (630) 581-5456
             Fax (630) 575-8188
             tlampert@sulaimanlaw.com
             *Attorney for Plaintiff*